OPINION
Defendant-appellant Melinda K. Jinks appeals the November 10, 1997 Judgment Entry of the Tuscarawas County Court of Common Pleas which denied her Motion to Suppress and Dismiss her indictment for possession of cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
Appellant was arrested on April 7, 1996, for driving under the influence of alcohol and other traffic offenses. Appellant was operating another individual's car at the time she was stopped. After appellant's arrest, the car she was operating was searched and two syringes with suspected cocaine residue were found on the floor board under the area of the driver's seat. Appellant was subsequently indicated for possession of cocaine in violation of R.C. 2925.11.[1]
The trooper who made the arrest sent the syringes to the Ohio State Patrol Laboratory in Columbus for testing. The lab analyst took the residue from one half of each syringe for analysis, preserving the other one half residue from each syringe and the caps on each syringe for analysis by appellant. The Ohio State Patrol Laboratory performed a presumptive ultraviolet spectroscopy test on a portion of the residue and then a GCMS test to verify the residue was cocaine. The GCMS test used the same material as the first test because the first test did not destroy any portion of the sample being tested.
Upon request by the appellant, the Ohio State Patrol Laboratory sent the syringes and caps to Law Science Technologies Laboratory for testing. Mr. Larry Dehus first ran a "presumptive thin layer chromotology" test which destroyed part of the residue sample.
That test was positive for cocaine, but not "a positive identification of cocaine" because Mr. Dehus testified sound scientific examination requires at least two tests to confirm the identity of cocaine. According to Mr. Dehus, there was an insufficient amount of the residue sample left after the first test to do the ultraviolet spectroscopy test. The latter test does not destroy the sample.
Appellant entered a not guilty plea to the indictment. On April 8, 1997, appellant filed a Motion to Suppress and Dismiss, claiming appellee failed to comply with R.C. 2925.51(E). By Judgment Entry filed November 10, 1997, the trial court overruled the motion. Thereafter, appellant changed her plea to no contest. The trial court entered a finding of guilty and sentenced appellant on July 14, 1999. It is from the trial court's November 10, 1997 Judgment Entry appellant prosecutes this appeal, assigning as error:
 THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT/APPELLANT'S MOTION TO DISMISS THE INDICTMENT FOR THE STATE'S FAILURE TO COMPLY WITH REVISED CODE 2925.51(E).
R.C. 2925.51(E) provides, in pertinent part:
 (E) Any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code is entitled, upon written request made to the prosecuting attorney, to have a portion of the substance that is the basis of the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused person, or, if he is indigent, by a qualified laboratory analyst appointed by the court. Such portion shall be a representative sample of the entire substance that is the basis of the alleged violation and shall be of sufficient size, in the opinion of the court,
to permit the accused's analyst to make a thorough scientific analysis concerning the identity of the substance.
(Emphasis added).
Appellant herein asserts the trial court erred in not dismissing the indictment because the sample size provided to her was not sufficient to permit her expert to make a thorough scientific analysis. We disagree.
The trial court found the sample provided to appellant was sufficient for her to conduct the presumptive thin layer chromotology test. We note if appellant's expert had conducted the ultraviolet spectroscopy test first, the sample would not have been destroyed and the presumptive thin layer chromotology test could have also been performed. Appellee was able to run its two tests with the same amount of sample as was provided to appellant. In light of these facts, the trial court did not abuse its discretion in finding appellee did not violate R.C. 2925.51(E).
Appellant's sole assignment of error is overruled.
The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
 ____________________ Hoffman, J.
Gwin, P.J. and Wise, J. concur.
[1] The instant appeal does not involve the traffic charges.